# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| JAMES D. BREWSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO: _____ |
| ) | |
| CODY KEYS TRUCKING, LLC, ) | |
| NORTHLAND INSURANCE ) | STATE COURT |
| COMPANY and JAREMY L. ) | FILE NO.: 2021000072 |
| ENGELMAN, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants CODY KEYS TRUCKING, LLC, JAREMY L. ENGELMAN, AND NORTHLAND INSURANCE COMPANY (hereinafter "Defendants"), hereby remove this action from the State Court of Catoosa County, Georgia to the United States District Court for the Northern District of Georgia, Rome Division, in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and all applicable laws.

This Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Under 28 U.S.C. § 1441(b), no party properly

joined and served as a defendant in this action is a citizen of Georgia, the state in which this action was filed.

As grounds for this removal, Defendants state as follows:

## I.     INTRODUCTION

1. On June 30, 2021, Plaintiff James D. Brewster filed a Complaint in the State Court of Catoosa County, Georgia for alleged injuries arising out of a motor vehicle accident on October 7, 2020 in Catoosa County, Georgia between a tractor trailer driven by Defendant Engelman and a tanker truck driven by Plaintiff. (Compl., ¶¶ 6-12.)  The State Court Action is captioned <u>James D. Brewster v. Cody Keys Trucking, LLC, Northland Insurance Company, and Jaremy L. Engelman</u>, Civil Action No. 2021000072 (hereinafter the "State Court Action").

2. Plaintiff's Complaint alleges negligence and state law tort claims against Defendants arising out of the subject accident. (Compl., ¶¶ 13-18.)

3. Plaintiff alleges Defendant Engelman, who was acting on behalf of Defendant Cody Keys Trucking, LLC, was negligent in causing the subject accident. (Compl., ¶¶ 13-18.)

4. Plaintiff alleges the negligence of Defendant Engelman is imputable to Defendant Cody Keys Trucking, LLC under the doctrine of respondeat superior. (Compl., ¶¶ 19-24.)  Additionally, Plaintiff alleges that Defendant Cody Keys

Trucking, LLC negligently hired, trained, supervised, and retained Defendant Engelman. (Compl., ¶¶ 25-30.)

5. Plaintiff alleges that Defendants' negligence caused his serious physical injuries and damages, medical bills, lost wages, and pain and suffering. (Compl., ¶¶ 11, 12, 18, 37-42.) Plaintiff claims punitive damages. (Compl., p. 5.)

6. Plaintiff filed this action against Defendant Northland Insurance Company under the Georgia Direct Action Statute, O.C.G.A. §§ 40-2-140. (Compl. ¶¶ 31-35.) Plaintiff alleges Defendant Northland Insurance Company provided a policy of liability insurance to Defendant Cody Keys Trucking, LLC. (Compl. ¶ 33.)

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332(a).

7. This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

8. When a plaintiff does not allege a specific amount of damages in the complaint, the removing defendant may demonstrate the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1446(c)(2)(B)

("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district finds, by a preponderance of the evidence, that the amount in controversy exceeds the amount specific in section 1332(a).").

9. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When determining if the defendant has satisfied its burden to establish jurisdiction by a preponderance of the evidence, if the court cannot determine whether it is facially apparent from the complaint that the jurisdictional amount is in controversy, the court may consider facts alleged in the notice of removal, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied (i.e., affidavits, declarations or other documentation). Id.; Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 617 (11th Cir. 1990)).

10. A defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.4d 744, 754 (11th Cir. 2010). Instead, district courts are permitted to make "reasonable deductions" and "reasonable inferences" and need not "suspend

reality or shelve common sense in determining whether the face of the complaint… establishes the jurisdictional amount." Id. at 770.  Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.  Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1602 (11th Cir. 2010).

11.    Here, Plaintiff alleges he has incurred severe and permanent physical injuries and damages, past medical expenses, future medical expenses, lost wages, lost earning capacity and pain and suffering as a result of the subject accident. (Compl., ¶¶ 37-42.)  Plaintiff claims he will continue to suffer future medical expenses and lost wages.  (Compl., ¶¶ 41-42.)  Plaintiff claims he is entitled to punitive damages.  (Compl., p. 9.)

12.    To determine whether Plaintiff is seeking damages in excess of the $75,000.00 amount in controversy requirement, Defense Counsel sent Plaintiff's Counsel email correspondence to inquire about the damages being alleged by Plaintiff in this action.  (Ex. C, Email dated July 20, 2021.)  In response to Defense Counsel's email correspondence, Plaintiff's Counsel confirmed Plaintiff is seeking more than $75,000.00 in damages.  (Ex. D, Email dated July 22, 2021.)

13.    Based on the representation by Plaintiff's Counsel regarding the alleged damages Plaintiff is seeking to recover in this lawsuit, it appears in good

faith that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a).

### B. Complete Diversity of Citizenship Exists Between Plaintiff and Defendants.

14. There is complete diversity between Plaintiff and Defendants. (See Compl., ¶¶ 1-4.)

15. Plaintiff is a resident of Georgia. (Compl., ¶ 1.)

16. Defendant Engelman is a resident of Indiana. (Compl. ¶ 4.)

17. Defendant Cody Keys Trucking, LLC is an Illinois limited liability company with its principal place of business in Indiana. (Compl., ¶ 2.) Defendant Cody Keys Trucking, LLC has one member, Cody Keys, who is a resident of Illinois. (See Ex. E, Cody Keys Trucking, LLC Registration.) Accordingly, for purposes of subject matter jurisdiction, Defendant Cody Keys Trucking, LLC is a citizen of Indiana and Illinois; it is not a citizen of Georgia.

18. Defendant Northland Insurance Company is a corporation organized under the laws of the State of Connecticut and maintains its principal place of business in the State of Connecticut. (Ex. F, Annual Registration.) Accordingly, for purposes of subject matter jurisdiction, Northland Insurance Company is a citizen of Connecticut; it is not a citizen of Georgia.

19. Upon information and belief, including based on Plaintiff's allegations in Paragraphs 1 through 4 of the Complaint, there is complete diversity between Plaintiff and Defendants.

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

20. Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process and pleadings served upon Defendants, which papers include the Complaint and Summons directed to Defendants, are attached hereto as Exhibit "A."

21. Concurrently with the filing of this Notice, Defendants have given notice of this Notice of Removal to all parties on record and to the Clerk of the State Court of Catoosa County, Georgia. A true and correct copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B."

22. This Notice is filed within one year of the commencement of this action. This Notice is filed within 30 days of the filing of the Complaint, and as a result, is filed within 30 days of service of the Complaint on Defendants. Accordingly, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b).

23. In accordance with 28 U.S.C. 1446(b)(2)(A), all Defendants who have been properly joined and served in the State Court Action consent to the removal of this lawsuit.

24. Defendants have complied with all the provisions of 28 U.S.C. § 1446 governing the procedure for removal.  By virtue of 28 U.S.C. § 1441 and 28 U.S.C. § 1332 and based upon the allegations in Plaintiff's Complaint, the United States District Court for the Northern District of Georgia, Rome Division, has original jurisdiction over this matter.

25. Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

WHEREFORE, Defendants respectfully request this Court assume full jurisdiction over this case as provided by law.

This 30th day of July 2021.

                                    Respectfully submitted,

                                    SWIFT, CURRIE, McGHEE & HIERS, LLP

                                    /s/ Daniel J. Kingsley
                                    Daniel J. Kingsley
                                    Georgia Bar No. 541547
                                    Logan C. Stone
                                    Georgia Bar No. 224190
                                    Attorneys for Defendants

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com
logan.stone@swiftcurrie.com

## 7.1 CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared in Times New Roman font, 14 point, and complies with Local Rules 5.1(C) and 7.1(D), N.D. Ga.

This 30th day of July 2021.

                                      Respectfully submitted,

                                      SWIFT, CURRIE, McGHEE & HIERS, LLP

                                      /s/ Daniel J. Kingsley
                                      Daniel J. Kingsley
                                      Georgia Bar No. 541547
                                      Logan C. Stone
                                      Georgia Bar No. 224190
                                      Attorneys for Defendants

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com
logan.stone@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have caused the attached **NOTICE OF REMOVAL** to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and service to the following CM/ECF registrants:

Thomas O. Rainey, IV, Esq.<br>
MORGAN & MORGAN ATLANTA PLLC<br>
191 Peachtree Street, N.E., Ste 4200<br>
Atlanta, Georgia 30303<br>
trainey@forthepeople.com

This 30th day of July 2021.

                                          Respectfully submitted,

                                        SWIFT, CURRIE, McGHEE & HIERS, LLP

                                        /s/ Daniel J. Kingsley
                                        Daniel J. Kingsley
                                        Georgia Bar No. 541547
                                        Logan C. Stone
                                        Georgia Bar No. 224190
                                        Attorneys for Defendants

1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Telephone: (404) 874-8800
Facsimile:  (404) 888-6199
daniel.kingsley@swiftcurrie.com
logan.stone@swiftcurrie.com

4851-3889-7396, v. 1

3586703v.1